UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **NATIONSTAR MORTGAGE, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CAUSE NO. 1:09-CV-34** |
| | ) | |
| **RICHARD SNIDER, and** | ) | |
| **RESEARCH UNLIMITED, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# OPINION AND ORDER

The Plaintiff, Nationstar Mortgage, LLC, filed its complaint in this Court on February 5, 2009, alleging that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 1.) In its complaint, the Plaintiff states that it "is a Delaware limited liability company with a principal place of business at 350 Highland Drive, Lewisville, Texas 75067." (Compl. ¶ 1.) The Plaintiff also alleges that Defendant Richard Snider "is an individual with a last known address of 4420 N. Washington Road, Fort Wayne, Indiana 46804, and is a resident in the state of Indiana." (Compl. ¶ 2.) The Plaintiff further alleges that Defendant Research Unlimited, Inc., "upon information and belief, is an Indiana Corporation." (Compl. ¶ 3.)

Plaintiff's complaint, however, is inadequate. This is because the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."[1] *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).

by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted)); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006).

Therefore, the Court must be advised of each party's citizenship, not residency. As to Defendant Snider, "[f]or natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc.*, 980 F.2d at 1074 ("In federal law citizenship means domicile, not residence."). The Plaintiff's complaint here is consequently deficient because it only alleges that Defendant Snider is an Indiana resident.

As to Defendant Research Unlimited, Inc., corporations "are deemed to be citizens of the state in which they are incorporated *and* of the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (emphasis added); *see* 28 U.S.C. § 1332(c)(1). Thus, the Court must be apprised of *both* facts with respect to Defendant Research Unlimited, Inc. Instead, the Plaintiff merely informed of the state of incorporation, failing to also include the principal place of business. In addition, the Plaintiff alleged Research Unlimited, Inc.'s citizenship "upon information and belief." However, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor*

2

*World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc.*, 142 F.R.D. at 152.

Furthermore, the Plaintiff failed to properly allege its own citizenship. As to Nationstar Mortgage, LLC, a limited liability company's citizenship "for purposes of the diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the citizenship of all the members of Nationstar Mortgage, LLC, to ensure that none of its members share a common citizenship with any of the Defendants. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Moreover, citizenship must be "traced through multiple levels" for those members of Nationstar Mortgage, LLC, who are a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Therefore, the Plaintiff is ORDERED to file an amended complaint forthwith, properly alleging the citizenship of each party and tracing the citizenship of all unincorporated associations through all applicable layers of ownership.

SO ORDERED.

Enter for this 10th day of February, 2009.

/S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge